**SCHULER CHOCOLATES, INC.,**
Appellee,

v.

**CHICAGO AND NORTH WESTERN
RAILWAY CO., Appellant.**

No. 72-1236.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 6, 1972.

Decided Oct. 10, 1972.

A. James Dickinson, Stringer, Donnelly, Allen & Sharood, Ltd., St. Paul, Minn., for appellant.

Kent A. Gernander, Streater, Murphy, Brosnahan & Langford, Winona, Minn., for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.[1]

Because of a misunderstanding over the size of the cherries, the Brock Candy Co., in Chattanooga, Tennessee, returned a shipment via interstate carrier of 115 fifty-five gallon barrels of cherries to Schuler Chocolates, Inc. in Winona, Minnesota. Upon receipt of the shipment it was determined that there existed considerable damage to the barrels and that some of the cherries had spoiled. Schuler brought suit under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), against the defendant railway carrier. A six-man jury with the Honorable Philip Neville presiding, returned a verdict for the plaintiff in the sum of $9,129.60. Defendant's motion for judgment n. o. v. and new trial were overruled and this appeal followed.

Defendant argues that there is conclusive evidence that some of the cherries were damaged when loaded and that the plaintiff's consignee failed to properly load the return shipment in accord with the methods recommended by the Association of American Railroads. Although evidence exists to support defendant's theory, such proof in itself is not conclusive. There exists as well substantial evidence by the shipper that the cherry barrels were in good condition when originally loaded in Winona and that the loading method used was adequate to prevent any damage in normal transit. Under the principles of Missouri Pacific Railroad v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L. Ed.2d 194 (1964), we find the evidence conflicting on the essential issues and that the decision by the trier of fact should not be disturbed. The trial court properly instructed the jury. The jury obviously rejected the defendant's theory of the case.

Judgment affirmed.

---

1. Upon screening the case for oral argument, under our Local Rule 6 if it appears there exists no substantial merit to the appeal this court may under our Local Rule 9 affirm the decision of the trial court without oral argument. See United States v. Johnson, 466 F.2d 537 (8 Cir. 1972). We do so here.